**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1926**

DENNIS HAGY; TAMERA HAGY,

        Plaintiffs - Appellants,

    and

DUSTIN HAGY; CLARK HAGY,

        Plaintiffs,

    v.

EQUITABLE PRODUCTION CO.; BJ SERVICES COMPANY, USA,

        Defendants - Appellees,

    and

HALLIBURTON ENERGY SERVICES, INC.; WARREN DRILLING COMPANY, INC.,

        Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:10-cv-01372)

Submitted: August 22, 2013        Decided: October 8, 2013

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kevin W. Thompson, David R. Barney, Jr., THOMPSON BARNEY, Charleston, West Virginia for Appellants. Timothy M. Miller, Benjamin W. Price, ROBINSON & MCELWEE, PLLC, Charleston, West Virginia, for Appellee Equitable Production Co. John H. Barr, Jr., M. Coy Connelly, Jeffrey L. Oldham, BRACEWELL & GULIANI, LLP, Houston, Texas, for Appellee BJ Services Company, USA.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis and Tamera Hagy (the "Hagys") appeal the district court's grant of summary judgment to BJ Services Company, USA ("BJ Services") and Equitable Production Co. ("EQT") on their negligence and trespass claims, based on their allegation that BJ Services' and EQT's oil and gas operations contaminated their well water supply.[1]  For the reasons that follow, we affirm the judgment of the district court.

I.

The Hagys own the surface rights to approximately eighty acres of land in Jackson County, West Virginia.  In 2007, the Hagys received notices from EQT informing them that EQT was preparing to file for state permits to drill new natural gas wells on the property.  In October 2007, Mr. Hagy signed surface owner waivers for all new wells, stating that he had no objection to the proposed work on the property.

After performing pre-drilling water tests on the Hagys' water well, EQT—as well as BJ Services, Warren Drilling Company, Inc. ("Warren Drilling"), and Halliburton Energy Services, Inc.

---

[1] The Hagys' adult sons, Dustin Hagy and Clark Hagy, were also originally named as plaintiffs in this action.  All of their claims against all defendants, however, were eventually voluntarily dismissed with prejudice.

("Halliburton")—began construction in late October 2007.[2] BJ Services performed cementing services on three gas wells on select dates between November 2007 and January 2008. All drilling and completion operations were finalized by the end of June 2008.

The Hagys allege that they began to notice changes in their water quality and experienced temporary illnesses, such as nausea, headaches, and slow heartbeat around July 2008. According to the Hagys, later that year, the quality of their water began to further degrade and the quantity of water available from their well began to decline. Tests performed by EQT on the well water showed increased levels of iron and manganese. In November 2008 and February 2009, Mr. Hagy complained to the West Virginia Department of Environmental Protection ("DEP") about the water quality. The DEP inspected the well site on several occasions and ultimately found no violations.

The Hagys left the Jackson County property in April 2009. In October 2010, they filed this lawsuit, along with their two adult sons, Dustin Hagy and Clark Hagy, against EQT, BJ Services, Warren Drilling, and Halliburton (collectively

---

[2] The pre-drilling water tests revealed that the water contained elevated levels of total coliform bacteria and detectable levels of iron and manganese.

"Defendants") in West Virginia state court, alleging that Defendants had contaminated their well water supply and that, as a result, they had suffered damages to personal property as well as personal injuries. The complaint alleged five causes of action: negligence, private nuisance, strict liability, trespass, and medical monitoring.

In December 2010, Warren Drilling removed the case to the United States District Court for the Southern District of West Virginia based on complete diversity of the parties under 28 U.S.C. § 1332. All claims against Warren Drilling and Halliburton were eventually dismissed with prejudice, as were the adult sons' claims against EQT and BJ Services.

In March 2012, EQT and BJ Services filed motions for summary judgment. The district court granted EQT's motion for summary judgment based on two release agreements executed between the parties in October 2007 (prior to initial drilling of the gas wells) and April 2008 (approximately two months after BJ Services performed the fracturing operations). The court found that the Hagys had released all of their claims—the subject matter of which was covered by the plain language of the releases—for due consideration paid by EQT. The Hagys subsequently filed a motion for relief from judgment, which the district court denied.

The district court also granted BJ Services' motion for summary judgment, finding that the Hagys had failed to produce any evidence, or even a clear theory, of a negligent act by BJ Services that had caused any harm to the Hagys. The district court further found that the Hagys had failed to provide sufficient evidence to raise a genuine issue of material fact as to any trespass or private nuisance claims.

The Hagys timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

II.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. See Nat'l City Bank of Ind. v. Turnbaugh, 463 F.3d 325, 329 (4th Cir. 2006). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III.

The Hagys raise two issues on appeal: (1) whether the district court erred in granting summary judgment to BJ Services on their negligence and trespass claims; and (2) whether the district court erred in granting summary judgment to EQT based on the parties' release agreements.

6

We conclude that the district court properly granted summary judgment to BJ Services on the Hagys' negligence and trespass claims. The Hagys have failed to provide sufficient evidence to raise a genuine issue of material fact with respect to any alleged negligence on the part of BJ Services. See Strahin v. Cleavenger, 603 S.E.2d 197, 205 (W. Va. 2004) (stating elements of negligence claim under West Virginia law). The Hagys cannot connect any allegedly wrongful conduct by BJ Services with the harm they claim to have suffered. Similarly, the Hagys have provided no evidence from which a reasonable trier of fact could conclude that BJ Services is liable for trespass.

We also conclude that the district court did not err in granting summary judgment to EQT based on the parties' release agreements. The plain language of the release agreements covers the subject matter of the Hagys' claims, all of which were released for due consideration paid by EQT:

> The Landowner hereby irrevocably and unconditionally releases, acquits and forever discharges [EQT] . . . from any and all Claims of any kind or nature. "Claims" as that term is used in this Agreement includes any and all liabilities, obligations, agreements, damages, causes of action for injuries to persons or damage to property . . . suits, rights, demands, costs, losses, whether known or unknown and whether now existing or yet to accrue, arising from or relating in any way whatsoever to the Drilling Operations and Additional Damage.

7

(J.A. 265–66 (emphasis added).) The Hagys had an adequate opportunity to consult legal counsel in negotiating the agreements, and the law presumes that they knew the contents of each prior to signing, thereby voluntarily agreeing to release all claims as defined therein. See Sedlock v. Moyle, 668 S.E.2d 176, 180 (W. Va. 2008) (per curiam) ("'[I]n the absence of extraordinary circumstances, the failure to read a contract before signing it does not excuse a person from being bound by its terms.'" (quoting Reddy v. Cmty. Health Found. of Man, 298 S.E.2d 906, 910 (W. Va. 1982))). We further conclude that the district court properly rejected the Hagys' arguments that the releases were procured by fraud. See White v. Nat'l Steel Corp., 938 F.2d 474, 490 (4th Cir. 1991) (citing Lengyel v. Lint, 280 S.E.2d 66, 69 (W. Va. 1981)) (stating elements of fraud under West Virginia law).

IV.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

8